﻿Citation Nr: AXXXXXXXX
Decision Date: 05/02/19 Archive Date: 05/02/19

DOCKET NO. 190130-2069
DATE: May 2, 2019

ORDER

Service connection for prostate cancer is granted.

Service connection for ischemic heart disease is granted.

Service connection for bladder cancer is denied. 

FINDINGS OF FACT

The Veteran's prostate cancer is presumed to be related to exposure to herbicide agents during his active military service in Thailand. 

The Veteran’s ischemic heart disease is presumed to be related to exposure to herbicide agents during his active military service in Thailand. 

There is no competent evidence linking the Veteran’s bladder cancer to any incident of active military service.

CONCLUSIONS OF LAW

The criteria to establish service connection for prostate cancer have been met. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1116, 1137, 5107 (2012); 38 C.F.R. §§3.102, 3.303, 3.307, 3.309 (2017). 

The criteria to establish service connection for ischemic heart disease have been met. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1116, 1137, 5107 (2012); 38 C.F.R. §§3.102, 3.303, 3.307, 3.309 (2017). 

The criteria to establish service connection for bladder cancer have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1116, 1137, 5107 (2012); 38 C.F.R. §§3.102, 3.303, 3.307, 3.309 (2017). 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from January 1966 to May 1969, including service in Thailand.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs (VA's) decision on their claim to seek review. The Board of Veterans' Appeals (Board) is honoring the Veteran's choice to participate in VA's test program, the Rapid Appeals Modernization Program (RAMP). 

The Veteran selected the Higher-Level Review lane when he submitted a RAMP election form on June 6, 2018. Accordingly, the October 2018 RAMP rating decision considered the evidence of record as of the date the VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

SERVICE CONNECTION

Entitlement to service connection requires evidence of three elements: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service" - the so-called "nexus" requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Under 38 U.S.C. § 1116 (f), a claimant, who, during active service, served in the Republic of Vietnam during the Vietnam era, shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence to establish that he was not exposed to any such agent during that service.

If a veteran was exposed to an herbicide agent during active service, certain diseases, to include prostate cancer and ischemic heart disease, shall be service connected even though there is no record of such disease during service. Bladder cancer is not among the disorders presumed to have been caused by presumed herbicide exposure. 38 C.F.R. §§ 3.307, 3.309(e).

VA's Compensation and Pension Service has determined that a special consideration of herbicide agent exposure on a factual basis should be extended to Air Force veterans whose duties placed them on or near the perimeters of certain Royal Thai Air Force bases anytime between February 28, 1961, and May 7, 1975. The listed Thai military facilities include the Korat RTAFB. If a veteran's military duties, as shown by evidence of daily work duties, performance evaluation reports, or other credible evidence, placed him or her near the air base perimeter, then VA is to concede herbicide exposure on a direct or facts found basis. 

1. Service connection for prostate cancer is granted.

2. Service connection for ischemic heart disease is granted.

The record evidences that the Veteran had service at Korat Royal Thai Air Force Base, in Thailand from June 1967 to June 1968.

A November 2017 VA medical record states that the Veteran has a current diagnosis of prostate cancer. In September 2011, the Veteran sustained a myocardial infarction and in October 2012, the Veteran was diagnosed with ischemic heart disease.

The Veteran had service at one of the designated Thailand military bases for a period of the Vietnam era when VA has found that herbicides were used near those air base perimeters. In addition, he has provided competent lay evidence that establishes service near the base perimeter. These reports are consistent with the circumstances, places, and types of his service. 

Resolving all doubt in favor of the Veteran, the Board finds that his service placed him near the perimeter of the Korat Royal Thai Air Force Base, in Thailand. 

He is presumed to have been exposed to herbicides in service on a facts-found basis. As the Veteran is presumed to have been exposed to herbicide agents and prostate cancer and ischemic heart disease are among the diseases presumed to be associated with such exposure, service connection is warranted on a presumptive basis. 38 C.F.R. §§ 3.102, 3.307(a)(6), 3.309(e).

3. Service connection for bladder cancer is denied.

As discussed above, the Board has determined that the Veteran's service placed him near the perimeter of the Korat Royal Thai Air Force Base, in Thailand. As noted, he is presumed to have been exposed to herbicide agents in service on a facts-found basis. However, bladder cancer is not among those disorders which are presumptively linked to herbicide exposure. 

The question of causality of this disorder requires medical opinion. Competent medical evidence is evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions. Competent medical evidence may also include statements conveying sound medical principles found in medical treatises. It also includes statements contained in authoritative writings, such as medical and scientific articles and research reports or analyses. 38 C.F.R. § 3.159(a)(1).

While the Veteran was diagnosed with bladder cancer in July 2016, there is no competent evidence linking the disorder to any incident of active service. On this direct review of the record, the preponderance of the evidence is against the claim and the appeal is denied.

 

Vito A. Clementi

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD T. T. Emmart, Associate Counsel